## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TRANSOCEAN OFFSHORE** | * | **CIVIL ACTION NO.** _____ |
| **DEEPWATER DRILLING, INC.** | * | |
| | * | **SECTION:** _____ |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE:** _____ |
| **CAJUN ENTERPRISES OF** | * | |
| **M.C., INC.** | * | **JUDGE:** _____ |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

The complaint of Transocean Offshore Deepwater Drilling, Inc. ("Transocean" or "Plaintiff") respectfully represents that:

1.

The defendant herein is Cajun Enterprises of M. C., Inc. ("Cajun Enterprises" or "Defendant"), a domestic corporation, doing business in this district and state.

2.

The plaintiff herein is a foreign corporation doing business in this district and state, who at all material times was the owner/operator of a work yard in Amelia, Louisiana.

3.

Jurisdiction herein is based upon diversity of citizenship, and the Declaratory Judgment Act, 28 U.S.C.A. § 2201 et seq.

-1-

4.

On or about December 19, 2008, Eddie Jackson ("Jackson"), an employee of Cajun Enterprises, working at the time at Transocean's Amelia yard, was injured in an accident. By the nature and circumstances of his employment, Jackson appears to have been a "maritime worker," and thus within the scope of Longshoreman and Harbor Worker's Compensation Act ("LHWCA") for compensation purposes.

5.

At the time of the accident in question, there was a contract in effect between Transocean and Cajun Enterprises, specifically entitled "Master Service Agreement" ("the Contract"), which contained express terms and conditions pertaining to the respective rights and obligations of the parties thereto providing their requirements to defend, indemnify and provide insurance coverage to one another based upon the employment affiliation of any person making a personal injury claim. More specifically, pursuant to Section 15 of the Contract, Cajun Enterprises was obligated to defend and indemnify Transocean from and against any claims asserted by Jackson, and Cajun Enterprises was obligated to name Transocean as an additional insured on any insurance policies providing coverage for any such claims asserted by Jackson.

6.

Jackson has asserted a claim for benefits under the LHWCA, and has instituted administrative proceedings pursuant to same. Upon being made aware of such claim, Transocean requested that Cajun Enterprises honor its contractual obligations, and defend and indemnify Transocean from any claims asserted by Jackson. Transocean also requested that Cajun Enterprise notify any appropriate insurers of Jackson's claim, and notify any such insurers of the obligation to provide Transocean with indemnity and defense.

7.

Despite that request, Cajun Enterprises has refused to honor its contractual obligations. Accordingly, Transocean herein seeks to recover any and all damages, attorneys fees, and litigation expenses and costs incurred as a result of Cajun Enterprises' refusal to honor its contractual obligations. More specifically, Transocean is entitled to recover, as per the terms of the Contract, any and all amounts expended in defense of any claims by Jackson, including any attorneys fees incurred in defense of Jackson's claim, or for prosecuting its rights under the Contract.

8.

Cajun Enterprises has asserted that it is not responsible for Jackson's claim, and that it is not an "employer" for purposes of Jackson's compensation claim. Transocean respectfully suggests, however, that Cajun Enterprises was unquestionably Jackson's "employer," for all purposes, and that Cajun Enterprises is therefore responsible for any compensation claim made by Jackson. Nonetheless, since Cajun Enterprises has refused to honor its contractual obligations, and has apparently refused to honor Jackson's compensation claim as well, Transocean seeks herein a declaratory judgment determining the respective rights and obligations of the parties pursuant to the Master Service Agreement in effect at the time, and to clarify and establish which party is responsible to Jackson for compensation purposes.

**WHEREFORE**, Plaintiff prays for judgment against Defendant named herein, awarding all appropriate damages, including litigation costs and expenses, attorneys fees, and all other equitable relief, for the reasons set forth herein.

-4-

WHEREFORE, Plaintiff further prays that declaratory judgment be granted in its favor, declaring that Cajun Enterprises of M.C., Inc. is responsible to Transocean Offshore Deepwater Drilling, Inc. for its contractual obligations set forth in the Master Service Agreement between the parties, and further establishing that Cajun Enterprises of M.C., Inc. was Eddie Jackson's "employer" for compensation purposes, at all material times.

Plaintiff further prays for all costs and all other equitable relief.

Respectfully submitted,

KINGSMILL RIESS, LLC

By: _____

Michael R. C. Riess  (#7347)
Charles B. Colvin  (#4352)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana  70170-3300
Telephone:  (504) 581-3300
Facsimile:  (504) 581-3310
*Attorneys for plaintiff,*
 *Transocean Offshore Deepwater Drilling, Inc.*