UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-193** |
| **CAJUN ENTERPRISES OF M.C., INC.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that this matter is **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

### BACKGROUND

Plaintiff, Transocean Offshore Deepwater Drilling, Inc. ("Transocean"), owns a shipyard in Amelia, Louisiana. On December 19, 2008, Eddie Jackson ("Jackson"), a maritime worker employed by defendant Cajun Enterprises of M.C., LLC ("Cajun Enterprises"), was injured while working at Transocean's Amelia shipyard.

At the time of the accident, Transocean and Cajun Enterprises had a contract whereby Cajun Enterprises agreed to defend and indemnify Transocean from and against any claims against Transocean asserted by Cajun Enterprises' employees. Jackson has instituted an administrative procedure claiming benefits under the Longshoreman and Harbor Worker's Compensation Act, 33

U.S.C. § 901 *et seq.* Transocean asked Cajun Enterprises to honor the defense and indemnification contract, but Cajun Enterprises has refused and contends that Jackson is not its employee for the purposes of his compensation claim.

Transocean filed the instant suit in the United States District Court for the Eastern District of Louisiana seeking to enforce its contract with Cajun Enterprises. In its complaint, Transocean stated that jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 and the Declaratory Judgment Act pursuant to 28 U.S.C. § 2201, *et seq.* In support of diversity jurisdiction, Transocean alleges it "is a foreign corporation doing business in the district and state, who at all material times was the owner/operator of a work yard in Amelia, Louisiana" and that Cajun Enterprises is "a domestic corporation." There is no statement regarding whether there is at least $75,000 in controversy, nor is there a statement regarding venue.

**ANALYSIS**

Pursuant to 28 U.S.C. § 1391(a):

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Here, subject matter jurisdiction is founded only on diversity of citizenship.[1] The defendant

---

[1] The Declaratory Judgment Act is procedural, it does not provide a federal court with an independent basis for exercising subject-matter jurisdiction. Skelly Oil Co. v. Phillips Petro. Co., 70 S.Ct. 876, 879 (1950); In re B-727 Aircraft Serial No. 21010, 272 F.3d 264, 270 (5th Cir. 2001).

resides in the Western District of Louisiana and the events that give rise to the claim occurred in the Western District of Louisiana. Therefore, the Western District of Louisiana is the proper venue for this action.

## CONCLUSION

Because jurisdiction is founded on only on diversity of citizenship, the defendant resides in the Western District of Louisiana, and the events that give rise to the claim occurred in the Western District of Louisiana, that is the proper venue for this action. Therefore,

**IT IS HEREBY ORDERED** that this matter is **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

New Orleans, Louisiana, this __8th__ day of March, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

> Thus, prior to deciding whether to exercise its discretion and allow a declaratory-judgment action to be brought, the court must determine if jurisdiction and venue are proper. There must be an independent basis of jurisdiction, under statutes equally applicable to actions for coercive relief, before a federal court may entertain a declaratory-judgment action.

10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2766 (West 3d ed. 1998).